IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD HUERTA, *et al.*,

    Plaintiffs,

v.                                                                                                  Civ. No. 01-968 RLP/DJS

CITY OF SANTA FE, *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court *sua sponte*. This case was tried to a jury beginning October 21, 2002. The issues were whether any of four defendants had violated any of the thirteen plaintiffs First or Fourteenth Amendment rights and was brought pursuant to 42 U.S.C. § 1983. On October 30, 2002 the jury reached its verdict and submitted to the court the "Special Verdict Form" it had been provided. Prior to instructing the jury, neither side objected to the Special Verdict Form in terms of its wording or content.[1]

A glaring error was apparent at the reading: the jury found that Defendant John Denko had violated no plaintiff's Fourth Amendment rights,[2] assessed no compensatory or nominal damages against him in favor of any plaintiff, and yet found that he had evil motive or intent, or acted with reckless or callous indifference and assessed a total of $19,500 against him in favor of two plaintiffs, Donald Huerta and Steven Albritton. *See*

---

[1] Plaintiffs' counsel had requested thirteen separate verdict forms, which request was denied by the court.

[2] The jury found that no defendant had violated any plaintiff's First Amendment rights.

Special Verdict Form [Doc. 114], Answers to Questions 8, 10, 12, 13 and 14.  Despite the error, neither party objected to entry of the verdict and the jury was discharged.

Federal Rule of Civil Procedure 49 governs special verdicts and interrogatories. Although the form in this case was entitled "Special Verdict Form," it is in reality a general verdict form because the jury is charged with both issues of fact and of ultimate liability. *See, e.g., Resolution Trust Corp. v. Stone*, 998 F.2d 1534, 1545 (10th Cir. 1993); *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 56 (2nd Cir.), *cert. denied*, -- U.S. -- , 71 U.S.L.W. 3191 (Nov. 12, 2002).  Inconsistent verdicts on general verdicts are governed by Fed.R.Civ.P. 49(b) rather than 49(a).  The import of this distinction is the time governing objections to inconsistent verdicts.  Rule 49(a) objections may be made after judgment is entered, but Rule 49(b) objections must be made prior to discharging the jury.  *Id*.

However, "[a] party's failure to object to a general jury verdict on the ground of inconsistency before the jury is discharged constitutes waiver, unless the verdict is inconsistent on its face such that entry of judgment upon the verdict is plain error.  *Hinds v. General Motors Corp.*, 988 F.2d 1039, 1047 (10th Cir. 1993) (citing *Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd*, 791 F.2d 1416, 1424 (10th Cir.), *cert. denied*, 479 U.S. 1007 (1986)).

The verdict in this case is not ambiguous; it is plainly wrong and the jury did not follow the instructions with regard to Defendant Denko.  That is, after a finding of no liability the jury was instructed not to answer any more questions.  *See* Instructions following Question 8.  And again, in Question 12 (assessing damages), the jury was instructed to only award damages against those defendants whom the jury found liable in

Question 8. Finally, Question 13 asks them to determine the culpable state of mind only if they had previously found any defendant liable. The jury went ahead and answered all of these questions regardless of whether liability had been determined.

There must be harmony between the interrogatories and the verdict. "When faced with inconsistent verdicts, a trial court should attempt to bring them into harmony." *Jarvis v. Commercial Union Assurance Companies*, 823 F.2d 392, 395 (10th Cir. 1987). The only harmonious finding in this case is to set aside the punitive damage award against Defendant Denko, the jury having found he had no liability and no compensatory damages assessed against him. *See Stoddard v. School District*, 590 F.2d 829, 833 (10th Cir. 1979); *Theurer v. Holland Furnace* Co., 124 F.2d 494 (10th Cir. 1941); *Ingrum v. Nixa Reorganized School District*, 966 F.2d 1232, 1233 (8th Cir. 1992).

Accordingly, the punitive damage award in favor of Plaintiff Donald Huerta and against Defendant John Denko in the amount of $15,000.00 will be set aside; and the punitive damage award in favor of Plaintiff Steven Albritton and against Defendant John Denko in the amount of $4,500.00 will be set aside; and judgment will be entered accordingly.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

For the Plaintiffs:   Eric Sirotkin, Esq.

For the Defendants:  James P. Sullivan, Esq.