FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAR 1 2 2003

*R/buommaal*

CLERK

DONALD HUERTA, et al.,

    Plaintiffs.

v.

                                                Civ. No. 01-968 RLP/DJS

CITY OF SANTA FE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Plaintiffs' Motion for Attorneys' Fees and Expenses, filed pursuant to 42 U.S.C. § 1988.   The case involved 11 plaintiffs and five defendants.  The cause of action arose when Santa Fe police ordered a crowd to disperse after the "Burning of Zozobra" (a yearly event in Santa Fe) on September 9, 1999. Plaintiffs are members of a religious group who were passing out literature and did not immediately leave the area as instructed.  One or more of the officers sprayed pepper spray into the area.  There were allegations of harassment, assault and battery by the Plaintiffs against the individual defendants. Plaintiffs filed complaints with the City and the police department following the incident, but received no word that an investigation had been undertaken.

Plaintiffs filed their complaint seeking relief under 42 U.S.C. § 1983 (violation of First, Fourth and Fourteenth Amendment rights); the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 et seq. (Plaintiff Huerta is legally blind); and state law claims for assault and battery and false imprisonment.  Just prior to trial the state law claims were voluntarily dismissed and the court dismissed the ADA claim.

143

After a week-long jury trial, only two plaintiffs recovered against two defendants. Plaintiff Huerta recovered fifty cents from each of the two police officers and $10,000 in punitive damages from the City of Santa Fe. Plaintiff Albritton received fifty cents from each of the same two officers and $ 3,500 from the City. The total jury award, therefore, was $13,502. Nine plaintiffs had no recovery and no liability was assessed against one of the individual defendants.[1]   Over $800,000 in compensation was sought and punitive damages were requested. Plaintiffs' two attorneys now seek a total of $258,693.83 in fees and expenses for their $13,502 recovery.

A court must first decide whether a plaintiff seeking fees is a "prevailing party." 42 U.S.C. § 1988(b); *Farrar v. Hobby*, 506 U.S. 103 (1992). After making that determination, the court must then decide whether the fees sought are reasonable.

Two of the 13 Plaintiffs were prevailing parties.   They prevailed on the Fourth Amendment excessive force claim.   The starting point for determining the amount of an appropriate attorney fee is to calculate the number of hours reasonably expended and to multiply that number by a reasonable hourly rate. *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983), *abrogated on other grounds* by *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987). The resulting figure is the "lodestar." *Case v. Unified School Dist.*, 157 F.3d 1243, 1249 (10th Cir. 1998). The court has an obligation to exclude hours not "reasonably expended" from the lodestar calculation. *Malloy v.*

---

[1] The jury assessed $19,500 in punitive damages against Defendant Denko. The award was improper because the jury found him not liable on the First and Fourth Amendment claims and assessed no compensatory damages against him in favor of any plaintiff. The court set aside the punitive damage award against Defendant Denko.

2

Monahan, 73 F.3d 1012, 1018 (10th Cir. 1996) (quoting Hensley, 461 U.S. at 434); see 42 U.S.C. § 1988(b) (prevailing party is to receive a "reasonable attorney's fee").

There are two elements to the reasonableness inquiry: first, has the attorney exercised billing judgment and deleted excessive, unnecessary or redundant fees from his or her fee application, see Hensley, 461 U.S. at 437; and second, is the fee award reasonable in light of the success obtained. see id. at 436. The court "must reduce the actual number of hours expended to a reasonable number to ensure services an attorney would not properly bill to his or her client are not billed to the adverse party." United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219, 1239 (10th Cir. 2000). The burden is on the party requesting fees to demonstrate that the time expended was indeed reasonable. Case, 157 F.3d at 1249.

Mr. Bartels charges an hourly fee of $175.00. Defendants do not contest this hourly fee and the court finds this is a reasonable fee in this community for an attorney with 15 years' experience in civil rights litigation. With regard to Mr. Bartels' billing records. he has typed in the column for amount of hours "Billing Judgment." The court assumes this means he believes he has winnowed the excessive charges from his billing statement. The court finds he has not.

Mr. Bartels expended 164.3hours[2] in legal research and drafting and revising both the first  and the second amended complaint.  This amount of time for an experienced attorney who is proficient in civil rights litigation is excessive, especially considering this

_____

[2] A table, prepared by the court,  is attached to this opinion showing dated entries from which the total time is derived.

was not a complex case.   This finding is borne out by the fact that Mr. Bartels expended

another 25 hours for legal research for the jury instructions (and  9 hours to prepare them);

most of that  research should have been completed in the initial 144 hours.  The court also

notes that Mr. Bartels spent an additional 60 hours in legal research and  preparing

responses to Defendants' Motion for Summary Judgment and Motion to Dismiss.  Again,

most of that research should have been completed in the initial 164.3 hours.

The hours discussed in the preceding paragraph will be reduced as follows:  164.3

for legal research and drafting the complaints is reduced by 75% to 41.1 hours.  The 60

hours additional research for disposition motions is reduced by 10% to 54 hours.  The 34

hours for legal research on and preparation of the jury instructions is reduced by 14.3

hours, which is the amount of time also spent on jury instructions by co-counsel, for a total

of 19.7 hours.  These reductions are reasonable given Mr. Bartels' experience and the lack

of novelty or complexity of the issues.

Mr. Bartels spent 145.86 hours on initial discovery disclosures and preparation of

the IPTR.  This amount of time is excessive given the fact the incident at issue involved no

documents and was over in a matter of minutes.  By the time Mr. Bartels sat down to do

the IPTR he should have had a list of his clients, witnesses, and other pertinent data.  This

amount of time will also be reduced by 75% to 36.47 hours.

Mr. Bartels charged 39.36 hours for reviewing, preparing, and organizing the

videotape, CD and photographs.  His entries are  vague and much of it does not seem to

be attorney time.  This amount will be reduced by 75% to 9.89 hours.  Mr. Bartels lists 20

hours meeting with co-counsel for reasons other than trial preparation; co-counsel lists 9.6

4

hours. Mr. Bartels' 20 hours will be reduced to 9.6 hours. In reviewing both attorneys' time sheets for depositions, it appears that both of them were at the Wheeler deposition, which was taken by Mr. Sirotkin. Mr. Bartels' time will be reduced by 7 hours for this duplication.

Mr. Bartels expended 11 hours for preparing summonses, sorting and copying files, and processing invoices. This is non-lawyer work and will be reduced 100%. Similarly, Mr. Bartels charges a total of 27 hours for organizing documents, "preparing case," "preparing documents," and "summarizing discovery. These entries are vague and some comprise tasks more appropriately assigned to a paralegal. This 27 hours will be reduced by 50% for a total of 13.5.

Finally, Between October 7 and October 28, Mr. Bartels charged 184.3 hours for trial preparation, meeting with co-counsel, and attending trial. Mr. Bartels did not examine any witnesses at trial. Although the court believes that Mr. Bartels' presence at trial may have been helpful to co-counsel, the amount of time billed is unreasonable given his limited function and will be reduced by 75% to 46 hours.

Mr. Bartels sought fees for a total of 895.32 hours. With all of the deductions above, that amount has now been reduced to 432.76. The court finds this is appropriate given the lack of novelty and complexity of the case and counsel's 15 years' experience.

Mr. Sirotkin expended a total of 359.5 hours and his fee is $240.00 per hour. The Defendants do not contest his hourly rate and the court finds that the hourly rate is appropriate in this market for Mr. Sirotkin's experience. The only time that the court finds questionable is the 10.2 hours expended on the preparation of the legal research for the fee application. Time expended for preparation of the fee application is only partially

5

compensable. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1206 (10th Cir. 1986). The compilation from time sheets is nonattorney work and Mr. Sirotkin should have ample experience with fee applications. The court finds that an adjustment of 50% to 5.1 hours is appropriate. Mr. Sirotkin's reasonable hours are therefore adjusted to 354.4.

There remains the issue of how much time the court should reduce from the foregoing reasonable fees from Mr. Bartels and Mr. Sirotkin given their limited success in this litigation. When a plaintiff "has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. Although there is no rigid formula to use in making the determination, the court's focus should be on the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435.

As noted before, only two plaintiffs prevailed on only one claim, the issue of excessive force. One of the factors to determine fees is whether the verdict, even if nominal, has significant implications to others. *Koopman v. Water District No. 1*, 41 F.3d 1417, 1420 (10th Cir. 1994). In this case, the jury awarded nominal damages for compensatory damages, but did award punitive damages in support of Plaintiffs' contentions that the police overreacted to the situation at hand. The jury so found with regard to two Plaintiffs and this court finds that the award raises this case above a *de minimis* recovery. *See Farrar* 506 U.S. at 121-22 (1993) (O'Connor, J., concurring). Nevertheless, the lack of relative success in this case warrants a 60% reduction in fees.

6

Mr. Bartels' reasonable hours are 432.76.  That number times his hourly rate of $175.00 totals $75,733.  Reduced by 60%, Mr. Bartels in entitled to an attorney fee award of $30,293.00.  Mr. Sirotkin's reasonable hours are 354.4.  That numbers times his hourly rate of $240.00 totals $85,056.  Reduced by 60%, Mr. Sirotkin is entitled to an attorney fee award of $34,022.40.

Finally, the court finds that the itemized expenses in the total amount of $6,167.28 are neither excessive nor unreasonable and will be awarded in full.

IT IS THEREFORE ORDERED that Attorney Aaron Bartels is awarded the total amount of $30,293.00 in attorney fees, plus gross receipts tax; and

IT IS FURTHER ORDERED that Attorney Eric Sirotkin is awarded the total amount of $34,022.40 in attorney fees, plus gross receipts tax; and

IT IS FURTHER ORDERED that counsel are entitled to their expenses in the amount of $6,167.28, plus gross receipts tax.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

7

| Date | Atty | Legal Research | Video tape/CD | Meetings, depositions and trials (2 attys) | non-lawyer work |
|---|---|---|---|---|---|
| 9/16/99 & 9/17/99 | B | 12.0 | | | |
| 5/02/00 | B | 1.0 | | | |
| 8/15/00 | B | | 2.0 | | |
| 8/16/00 | B | | 4.0 | | |
| 8/17/00 | B | | 4.36 | | |
| 8/18/00 | B | | 1.0 | | |
| 11/01/00 | B | | 1.0 | | |
| 11/02/00 | B | | 9.0 | | |
| 12/12/00 | B | | 4.0 | | |
| 2/20/01 | B | | | 6.0 (meeting w/co-counsel) | |
| 2/26/01 | B | | | 6.0 (organize doc. for co- counsel) | |
| 2/27/01 | B | | | 6.0 (prepare case [?]) | |
| 2/28/01 3/02/01 | B B | | 5.0 | 5.0  (prepare documents?) | |
| 3/08/01 | B | | 3.0 | | |
| 3/09/01 | B | | 3.0 | | |

1

| | | | | | |
|---|---|---|---|---|---|
| 3/21/01 | B | | 1.0 | | |
| 4/20/01 | B | | | 1.0 (meeting w/ co-counsel) | |
| 5/04/01 | B | 16.0 drafting complaint | | | |
| 5/09/91 | B | 4.0 | | | |
| 5/11/01 | B | 2.0 drafting complaint | | | |
| 5/14./01 | B | 2.0 drafting complaint | | | |
| 5/15/01 | B | 4.0 (includes meeting with Sirotkin) | | | |
| 5/16/01 | B | 2.0 | | | |
| 5/17/01 | B | | | 2 0 (client meeting w/ co-counsel) | |
| 5/21/01 | B | 5.0 | | | |
| 5/30/01 | B | | 2.0 | | |
| 6/21/01 | B | 2.0 | | | |
| 6/22/01 | B | 4.0 | | | |
| 7/03/01 | B | 8.0 | | | |
| 7/05/01 | B | 8.0 | | | |
| 7/06/01 | B | 8.0 | | | |

| | | | | | |
|---|---|---|---|---|---|
| 7/09/01 | B | 8.0 | | | |
| 7/10/01 | B | 4.0 | | | |
| 7/11/01 | B | 6.0 | | | |
| 7/12/01 | B | 6.0 | | | |
| 7/13/01 | B | 6.0 | | | |
| 7/27/01 | B | 8 0 | | | |
| 7/30/01 | B | 8.0 | | | |
| 7/31/01 | B | 8.0 | | | |
| 8/01/01 | B | 8 0 | | | |
| 8/07/01 | B | 2 0 Final draft of complaint | | | |
| 8/08/01 | B | 8.0 finalize | | | |
| 8/20/01 | B | 4.0 finalize | | | |
| 8/23/01 | B | | | 5.0 co-counsel meeting? | |
| 8/24/01 | B | 4.0 (finalize) | | | |
| 8/27/01 | B | | | | 4.0 prepare summons & service of process and arrange for process server |

3

| | | | | | |
|---|---|---|---|---|---|
| 11/14 to 12/06/01 | B | 38.3 hours spent on IPTR & initial disclosures | | | |
| 1/16/02 | B | | | 6.0 discovery | |
| 1/16/02 to 2/12/02 | B | 55 66 hours spent on responding to discovery requests | | | |
| 3./01/02 & 3/4/02 | B | 14 hrs. for response to mot. to dismiss ADA | | | |
| 3/05/02 to 3/14/02 | B | 21.6 hrs. for dep. prep. & discovery responses | | 3/05  8 dep. prep & attend dep. | |
| 3/15 to 4/10/02 | B | 20.3 same | | | |
| 4/03 to 4/04 | B | | | 12 attending depositions | |
| 4/16/02 | B | 8 discovery | | | |
| 4/17/02 | B | | | | 2 sorting and copying client's files |
| 4/18/02 | B | | | | 3 same + some disc |
| 5/09 to 5/10 | B | 10 summarizing discovery | | | |

| | | | | | |
|---|---|---|---|---|---|
| 5/15 to 5/24<br><br>5/22 | B | 16 hours preparing for & attending mediation<br><br>2 on discovery | | | |
| 5/31/02 | B | | | 7 Wheeler dep. | |
| 6/03/02 | B | | | 8 Romero Byers Bennett Ramirez dep. | |
| 6/11/02 | B | 3 LR on qualified immunity | | | |
| 6/12/02 | B | 2.3 2nd amended complaint | | | |
| 6/12/02 | B | | | 1.3 Romero Ramirez dep. | |
| 6/28/02 | B | | | | 2.0 processing invoicces |
| 7/02/02 | B | 4.0 2nd amended complaint | | | |
| 7/03/02 | B | 2.0 LR on ADA | | | |
| 7/11/02 to 8/06/02 | B | 37 hours spent on reviewing D's SJ, and preparing response & reviewing reply | | | |
| 7/18 | B | 8.18 hours allocated to a deposition (Vigil), LR, and response to SJ, plus an interview; [allocate 4.0 to dep. & 4.0 to S.J.] | | | |

| 9/11/02 | B | 4.0 LR J.I. | | | |
|---|---|---|---|---|---|
| 9/18/02 | B | | | 6.0 trial prep w/cı-counsel | |
| 9/26/02 | B | 8.0 LR JI | | | |
| 9/27/02 | B | 8.0 LR JI (plus travel to San Antonio for dep. ??) | | | |
| 9/29 | B | 5.0 LR JI | | | |
| 9/30 | B | 8  prepare JI | | | |
| 10/01 | B | 1  ditto | | | |
| 10/02/02 to 10/05 | B | | | 28.3 hours trial prep w/ co-counsel | |
| 10/07 to 10/28 | B | 156 hours trial prep (did not do anything at trial) | | | |

6