IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD HUERTA, *et al.*,

    Plaintiffs,

v.                                                                        Civ. No. 01-968 RLP/DJS

CITY OF SANTA FE, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the court on Plaintiffs' Notice of Appeal of Clerk's Order of March 18, 2003 Regarding Plaintiffs' Costs [Doc. 146]. After a trial on the merits, two of the 11 plaintiffs recovered nominal and punitive damages from two of the five defendants. Plaintiffs submitted their Motion to Tax Costs in the total amount of $22,529.42 [Doc. 133]. The Clerk's Order Settling Costs awarded a total amount of $1,695.16 [Doc. 145]. It is this Order that is the subject of this appeal, and Defendants have requested further reductions. *See* Defendants' Response to Plaintiffs' Itemized Cost Bill [Doc. 137].

The parties' arguments may be briefly summarized. Plaintiffs object (1) to the Clerk's apportionment of recoverable costs (2/11); (2) to the disallowance of expert witness fees; and (3) to various other costs not allowed. Defendants object to the Clerk's failure to take into consideration the offer of judgment to Plaintiff Albritton which exceeded his recovery. Subject to exceptions not relevant in this case, Fed.R.Civ.P. 54(d) provides that costs "shall be allowed as of course to the prevailing party . . . ." The "district court is charged with making a *de novo* review of the clerk's determination of the costs issue."

*In re Paoli Railroad Yard PCB Litigation*, 221 F.3d 449, 461 (3d Cir. 2000) (citing *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964)).

Despite only two plaintiffs being awarded damages, Plaintiffs argue that their full costs should be recovered because the Tenth Circuit Court of Appeals rejects a pro rata approach to settling costs.  The cases cited by Plaintiffs stand for the proposition that attorney fees may not be mechanically prorated.  Costs, on the other hand, are different.  Rule 54(d) is specifically limited to "prevailing parties," and the policy issues that circumscribe strict apportionment of attorney fee awards are not present in cost bills. The district court may apportion costs as it sees fit when fewer than all parties prevail.  *See, e.g., Id.* at 469; *Cornwell Quality Tools Co. v. CTS Co.*, 446 F.2d 825, 833 (9th Cir. 1971), *cert. denied*, 404 U.S. 1049 (1972).  Thus, the court finds that the Clerk's award of 2/11th of recoverable costs is warranted.[1]

Plaintiffs argue they should be reimbursed for their expert witness fees.  Expert witness fees are not recoverable unless the court appoints the expert and approves the fee.  28 U.S.C. § 1920.  In support of their position Plaintiffs submit an Order by the court setting their expert witness fees for a deposition.  That Order did not appoint the expert and there is no Order so providing.  Accordingly, the expert witness fees are disallowed.

Plaintiffs argue various other costs should be allowed, despite their not being listed in 28 U.S.C. § 1920 as taxable.  The court will not revisit the Clerk's Order on these

---

[1] On December 9, 2002 Defendants submitted their Cost Bill [Doc. 123].  The amount sought (after voluntarily omitting most of the bill as stated in their Reply, [Doc. 131], was $7,893.93.  The Plaintiffs did not argue for pro rata apportionment in their Objections [Doc. 126].  The Clerks' Order of February 18, 2003 [Doc. 136], awarded a total of $4,229.16 in favor of Defendants.  The Plaintiffs failed to appeal that Order, as provided in Fed.R.Civ.P. 54(d)(1), and their failure to appeal prevents the court from reviewing the Clerk's Order.

amounts.

The Defendants concede that $484.53, disallowed by the Clerk, should be allowed for CD or DVD formatting of a videotape.[2]  The court agrees that these costs, which represent the costs of preparing an important trial exhibit of the incident at issue, are recoverable in a pro rata form.  Accordingly, 2/11ths of $484.53 is $88.10, with $44.05 to Plaintiff Huerta and $44.05 to Plaintiff Albritton.

Finally, Defendants argue that because Plaintiff Albritton received an Offer of Judgment which exceed his damages, all costs incurred after that date are not recoverable.  Unfortunately for Defendants, they failed to file an appeal to the Clerk's Order Setting Costs and only raised this issue in their Response to Plaintiffs' Objections, which was beyond the five-day appeal period set by Fed.R.Civ.P. 54(d)(1).  This request is therefore denied.

IT IS THEREFORE ORDERED that the Clerk's Order Settling Costs [Doc. 145] is hereby amended to include an additional award of costs to Plaintiffs Huerta and Albritton in the amount of $44.05 each.

IT IS SO ORDERED.

	Richard L. Puglisi
	United States Magistrate Judge
	(sitting by designation)

---

[2]  Defendants object to the $143.61 cost of "transcribing the Zozobra videotape," because it was never produced in discovery.  The court agrees this transcription cost is not recoverable.